UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIO ARMIJO**,

   Petitioner,

v.                                      **CIVIL NO. 06-1236 RB/DJS**

**JOE WILLIAMS, Warden**,

   Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. Petitioner seeks to vacate the judgment and sentence entered in No. DR 2003-641 in the Ninth Judicial District, Curry County, New Mexico. In that proceeding, Petitioner was convicted, pursuant to a plea of guilty, of one count of Trafficking (by Distribution). Pursuant to that conviction, Petitioner was sentenced to a term of incarceration of nine years, to be followed by two years mandatory parole. Eight and one-half years of that sentence were suspended and Petitioner was placed on supervised probation for five years and required to check into an outpatient substance abuse counseling program.

2. Petitioner challenges his conviction on the ground that he was afforded ineffective

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

assistance of counsel. He asserts that his attorney misled him as to the meaning of his guilty plea and the consequences of that plea. Petitioner specifically contends that he told his attorney that he was innocent but that his counsel told him to plead guilty at a probation hearing and that his probation would be continued. Petitioner further asserts that he thought he was entering a guilty plea to a probation violation and not to any new charges. Subsequent to his guilty plea, Petitioner was found to be in violation of his conditions of probation, which was revoked and he was sentenced to nine years incarceration, one year, six months, and thirty-two days of which sentence was suspended. Answer, Exhibit F.

     3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal <u>habeas</u> proceeding. <u>See generally</u>, <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Petitioner never filed a direct appeal; however, he sought relief through a state *habeas* petition prior to bringing the claims in this action. Answer, Exhibit H. Petitioner was appointed counsel and, after a hearing, the petition was denied. Answer, Exhibit J, K. Petitioner sought *certiorari* review from the New Mexico Supreme Court, which was also denied. Answer, Exhibit K, L

     4. A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. <u>United States v. Riles</u>, 928 F.2d 339 (10th Cir. 1991). That is to say, a plea of guilty and the ensuing conviction comprehends all of the factual and legal elements to support a binding judgment of guilt. <u>United States v. Broce</u>, 488 U.S. 563 (1989). When a judgment of conviction on a plea of guilty becomes final, additional inquiry is confined to whether the underlying plea was counseled and voluntary. <u>Id.</u> at 569.

     5. Petitioner contends that his guilty plea was involuntary because his attorney misled him and thereby provided ineffective assistance of counsel. In order to demonstrate that his counsel's

performance was so ineffective as to violate the Sixth Amendment, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). Petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 694. In the context of a guilty plea, the prejudice prong of <u>Strickland</u> requires that Petitioner demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

 6. Petitioner signed a plea and disposition agreement which stated that he was pleading guilty to Trafficking (by Distribution). Answer, Exhibit B. The state judge presiding over the proceeding against Petitioner affirmed that, based upon Petitioner's appearance before him, Petitioner understood that he faced a possible sentence of nine years incarceration. <u>Id.</u> at p. 4. A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." <u>Miles v. Dorsey</u>, 61 F.3d 1459, 1466 (10th Cir.1995) (citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969)). Petitioner's claim that he did not understand that he was pleading guilty to a separate crime with further consequences than a parole violation is contradicted by the affirmation of the state district judge and by Petitioner's own signature on the plea agreement. Petitioner's conclusory allegations that he is actually innocent and did not understand the documents he signed or the proceedings against him in court are insufficient to state a claim for relief. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).

 7. The petition also fails to state a valid claim for relief because Petitioner has not shown that the decision of the New Mexico courts denying his state *habeas* petition on the same grounds

is incorrect. Where a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). Petitioner has not shown that the decision of the New Mexico court in denying his *habeas* petition after an evidentiary hearing was contrary to established Supreme Court precedent, an unreasonable application of the governing legal principles, or an objectively unreasonable application of the law.

**RECOMMENDED DISPOSITION**

That the petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**